UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BRUCE GILLEY,

            Plaintiff,

v.

TOVA STABIN, in her individual capacity,
and COMMUNICATION MANAGER OF
THE UNIVERSITY OF OREGON'S
DIVISION OF EQUITY AND INCLUSION,
in his or her official capacity,

            Defendants.

Case No. 3:22-cv-01181-AB

**OPINION & ORDER**

**BAGGIO, District Judge**

This lawsuit arises from Twitter interactions between Defendant tova stabin,[1] a now former University of Oregon employee, and Plaintiff Bruce Gilley. When she was Communications Manager for the University's Division of Equity and Inclusion, stabin blocked Plaintiff from the

---

[1] The Court follows stabin's convention regarding her name capitalization.

1-OPINION & ORDER

University's @UOEquity account. Plaintiff's blocking lasted approximately two months. Plaintiff sues stabin and the University's current Communication Manager (collectively, Defendants) for violating his First Amendment rights. This Court granted Plaintiff preliminary injunctive relief, and he continues to seek damages, and declaratory, and permanent injunctive relief.

In the same Opinion and Order partially granting Plaintiff's motion for preliminary injunctive relief, the Court stayed this case for 60 days while the parties discussed settlement and required that the parties file a Joint Status Report at the end of the 60-day period. Opinion & Order [ECF 80], 13; *see also* Joint Status Report [ECF 82] (discussing that the parties communications regarding settlement during the 60-day stay). Approximately a month before the stay ended, the Court reassigned this matter from Judge Marco A. Hernández to Judge Amy M. Baggio. In the required Joint Status Report, Plaintiff took the position that settlement was unlikely and requested that the Court set a litigation schedule. Joint Status Report, 1. Defendants disagreed that the parties had reached an impasse and sought to continue the stay for an additional 30 days. *Id.* at 3.

The Court held a status conference to discuss, among other things, the parties differing positions regarding settlement and the Defendants' Motion for Intra-District Transfer to Change Divisional Venue, [ECF 16], which Judge Hernández had previously continued. Sept. 8, 2022, Minutes of Proceedings [ECF 28]. As discussed below, the Court finds that the Defendants' motion to transfer divisional venue remains pending, and the Court GRANTS the motion.

**LEGAL STANDARD**

Local Rule 3-2 establishes divisions of the Court to "identify divisional venue" and to "distribute the judicial work." LR 3-2(a); *see also* 28 U.S.C § 137(a) ("The business of a court having more than one judge shall be divided among the judge as provides by the rules and orders of the court."). "For purposes of these Local Rules, 'divisional venue' means the division of the Court in which a substantial part of the events . . . giving rise to the claim occurred." LR 3-2(b). Local Rule 3-2 states that cases where most of the material events occurred in Lane County will be filed in the Eugene Division. LR 3-2(a), (b).

**DISCUSSION**

First, the Court considers whether the motion to transfer divisional venue remains pending. At the October 23, 2024, Status Conference, Plaintiff's Counsel asserted that Judge Hernández had implicitly decided the Defendants' motion to change divisional venue. The Court disagrees. Judge Hernández expressly stated that he "continued that motion until a later date" and at the time the Court reassigned this matter, the parties had yet to set a case schedule. Sept. 8, 2022, Minutes of Proceedings; *see generally* Civil Docket, 3:22-cv-01181-AB. Although the Court considered the parties' preliminary motions, nothing on the record indicates that Judge Hernández decided if Portland was the correct division. *See generally* Civil Docket, 3:22-cv-01181-AB. Accordingly, the Court finds that the motion to change divisional venue was continued, not resolved, at the time that this case was reassigned.

As to the merits of the intra-divisional transfer motion, the Court finds that Plaintiff improperly filed this action in the Portland Division of the District of Oregon because most of the

material events giving rise to this lawsuit happened in Lane County. Plaintiff's First Amended Complaint (FAC), [ECF 29], alleges that stabin "works in Lane County, Oregon" and that she "was employed as the Communications Manager for the University of Oregon's Division of Equity and Inclusion . . . at the time of the decision to block Bruce Gilley" from the University's @UOEquity account. FAC, ¶ 5. The FAC further alleges that the University's Division of Equity and Inclusion "is housed in the Office of the Vice President of Equity and Inclusion" and was housed there at the time stabin blocked Plaintiff and Plaintiff filed a public records request with the University requesting "the policy used by [the Office of the Vice President for Equity and Inclusion] to block Twitter users." *Id.* at ¶¶ 5, 68. The University's Division of Equity and Inclusion are in the City of Eugene, Lane County, Oregon. Park Decl., [ECF 17], ¶ 2. During the relevant times, stabin performed her job duties in Lane County. *Id.* at ¶ 3. And the University's Public Records Office, which is located at the University's main campus in the City of Eugene, Lane County, Oregon, received and processed Plaintiff's public records request for policies regarding blocking Twitter users. *Id.* at ¶ 5.

Plaintiff's argument that Portland is the proper division because he "felt and continues to feel" the blocking's discriminatory effects in Multnomah County where he resides does not persuade the Court. *See* Response [ECF 20], 2. The Local Rules direct that "divisional venue" means "the division where a substantial part of the events" that led to the lawsuit happened, but do not require that *all* the events happened in that division. LR 3-2(b). As noted, the FAC establishes that a substantial part of the events that gave rise to the lawsuit happened in Lane County. Plaintiff's speculation that, despite performing her job duties in Lane County, stabin might not

4-OPINION & ORDER

have been in Lane County when she blocked him is insufficient to establish that most of the material events that led to this action happened in Lane County. *See* Response, 3, fn.1. Moreover, the fact that the relief already granted to Plaintiff by the preliminary injunction and any future relief will be implemented in the City of Eugene, Lane County, Oregon also weighs in favor of finding that Eugene is the proper division. *See* Park Decl., ¶ 6; *Siskiyou Reg'l Educ. Project v. United States Forest Serv.*, No. CV–05–1429-CO, 2005 WL 2675114, at * 2 (D. Or. Oct. 20, 2005).

## CONCLUSION

The Defendants' motion to change divisional venue [ECF 16] is GRANTED.

DATED: October 24, 2024.

_____
AMY M. BAGGIO
United States District Judge